IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RUBEN GONZALES AND WANDA GONZALES, <br>         **Plaintiffs,** <br><br> vs. <br><br> WELLS FARGO BANK, N.A., <br><br>         **Defendant.** | § § § § § § § § § § § § § <br><br> **CIVIL ACTION NO. 7:19-CV-00278** |

**DEFENDANT'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant") files this Notice of Removal and hereby shows the Court as follows:

**I.
STATE COURT ACTION**

1. On October 30, 2019, Plaintiffs Ruben Gonzales and Wanda Gonzales (together "Plaintiffs") filed their *Original Petition and Request for Disclosures* in an action styled *Ruben Gonzales and Wanda Gonzales v. Wells Fargo Bank, N.A.*, ("State Court Action" or "Complaint").

2. In the State Court Action, Plaintiffs seek to enjoin Defendant from exercising its right to foreclose on the real property located at 3111 West County Road 150, Midland, Texas 79706 (the "Property").

3. Plaintiffs allege Defendant failed to provide an appraisal for the Property, and failed to provide Plaintiffs proper notice of acceleration for the November 5, 2019 foreclosure sale. *See* **Ex. C**, Complaint ¶ 18-20, 23. Based on these allegations, Plaintiffs assert causes of action for breach of contract, conversion, and tortious interference with prospective relations. Plaintiffs also seek actual damages, exemplary damages, attorney's fees, and costs.

4. Defendant was served the Citation via its registered agent on November 4, 2019. Therefore, removal of the State Court Action to this Court is timely. 28 U.S.C. § 1446.

## II.
## PROCEDURAL REQUIREMENTS

5. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(7).

6. The United State District Court for the Western District of Texas, Midland–Odessa Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time the action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the jurisdictional amount. *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**   Civil Cover Sheet;

**Exhibit B**   Supplemental Cover Sheet;

**Exhibit C**   The State Court Docket Sheet;

**Exhibit C-1**   Plaintiffs' Original Petition and Request for Disclosures;

**Exhibit C-2**   Defendant's Original Answer to Plaintiffs' Original Petition and Request for Disclosures[1]; and

**Exhibit D**   Midland County Central Appraisal District's valuation for the Property.

8. Pursuant to 28 U.S.C. § 1446(d) contemporaneously with the filing of this Notice of Removal, Defendant is filing a copy of this Notice of Removal in County Court No. #2 in Midland County, Texas.

---

[1] A file stamped copy of Defendant's Original Answer it included in **Exhibit C**, however, Defendant's Answer does not appear on the State Court Docket Sheet as included.

## III.
## THE COURT HAS DIVERSITY JURISDICTION

9. Where there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs, an action may be removed to federal court. 28 U.S.C §§ 1332(a) and 1441(a). Complete diversity exists in this case because Plaintiffs and Defendant are not citizens of the same state. Additionally, as set forth below, the amount in controversy requirement is also satisfied.

### A.  DIVERSITY OF CITIZENSHIP

10. For the purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margites v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 200) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs are natural persons who are domiciled in Midland County, Texas. *See* Complaint ¶ 7. Accordingly, Plaintiffs are citizens of Texas for diversity purposes.

11. Wells Fargo is a national banking association. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

### B.  AMOUNT IN CONTROVERSY

12. The amount-in-controversy requirement is satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76

(5th Cir. 2003). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 exclusive of interest and costs or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000 exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. Aug. 27, 2009).

13. In actions seeking to enjoin a lender from transferring the property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy. *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Nationstar Mort. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 8, 9 (5th Cir. 2012 (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over the appeal of foreclosure-related claims). Where a plaintiff files suit seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224, at *3.

14. Further, the Court may also consider actual damages, exemplary damages, and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; St. *Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-0, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v.*

*Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

15.     Based on a review of the Complaint and the evidence presented, the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs seek to enjoin Defendant from exercising its right to foreclose on the Property, and absent judicial relief through the filing of this lawsuit, Plaintiffs would have been divested of all right, title, and interest to the property as a result of the foreclosure sale that Plaintiffs prevented by the filing of this lawsuit. *Berry*, 2009 WL 2868224, at *3. Consequently, the entire value of the Property is at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011 (finding the value of the property at issue was an appropriate measure of the amount in controversy because the plaintiff sought to preclude the defendants from exercising their rights in the property). According to the Midland County Central Appraisal District's valuation, the current fair market value of the Property is $312,780.[2]

16.     Additionally, Plaintiffs' Complaint asserts that the amount in controversy is up to $100,000.  *See* **Ex. C**, Complaint ¶ 39.

17.     Because there is complete diversity among the parties, and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

---

[2]     Midland County Central Appraisal District ("CAD") fair market valuation, a true and correct copy of the Midland County CAD valuation for the Property is included herein as **Exhibit D**. Pursuant to Federal Rule of Evidence 201, Defendant requests the Court take judicial notice of **Exhibit D**.

## IV.
## CONCLUSION

WHEREFORE, Wells Fargo removes this action from County Court No. #2 of Midland County, Texas to the United States District Court for the Western District of Texas, Midland–Odessa Division, so that this Court may assume jurisdiction over all causes as provided by law.

Respectfully submitted,

/s/ *Art E. Anthony*
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Arthur E. Anthony**
  State Bar No. 24001661
  aanthony@lockelord.com
**Locke Lord LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: 214.740.8000
Facsimile: 214.740.8800
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served upon the following *via ECF, electronic mail and/or facsimile and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this the 27th day of November, 2019:

Robert "Chip" Lane
Joshua Gordon
The Lane Law Firm, P.L.L.C.
6200 Savoy, Ste. 1150
Houston, Texas 77036

*/s/ Art E. Anthony*
Counsel for Defendant